IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| UNITED STATES, | § |
| | § |
| | § Cr. No. C-05-346 (2) |
| v. | § |
| | § |
| STEVE ALLEN LOPEZ. | § |

**ORDER DENYING MOTION FOR EXTENSION
OF TIME TO FILE MOTION UNDER 28 U.S.C. § 2255**

After pleading guilty, Steve Allen Lopez ("Lopez") was sentenced by this Court on December 15, 2006. (D.E. 501.) Judgment in his criminal case was entered on December 22, 2006. (D.E. 504.) He did not appeal.

On February 25, 2008, the Clerk received from Lopez a *pro se* letter motion for extension, now pending before the Court. (D.E. 530.) In it, he requests an extension of time to file a motion pursuant to 28 U.S.C. § 2255. He claims that he was housed in a special unit when the deadline for filing his motion expired, due to a riot at his place of incarceration, and that he was unable to access his legal paperwork during that time. He indicates that he intends to file a § 2255 motion as soon as possible.

As an initial matter, Lopez is correct that the deadline for filing his motion has passed. A motion made under § 2255 is subject to a one-year statute of limitations, which, in most cases, begins to run when the judgment becomes final. 28 U.S.C. § 2255. The Fifth Circuit and the Supreme Court have held that a judgment becomes final when the applicable period for seeking review of a final conviction has expired. Clay v. United States, 537 U.S. 522, 532 (2003); United States v. Gamble, 208 F.3d 536, 536-37 (5th Cir. 2000) (*per curiam*).

In this case, Lopez's conviction became final after the ten-day period for appealing expired and he failed to appeal, which was on January 9, 2007. Thus, he had one year from that date, or until January 9, 2008 to file his § 2255 motion, as calculated under 28 U.S.C. § 2255(1). The statute also provides certain alternative dates upon which the limitations period may begin, see 28 U.S.C. § 2255(2)-(4) and is also subject to equitable tolling "in rare and exceptional cases." United States v. Riggs, 314 F.3d 796, 799 (5th Cir. 2002) (quoting Davis v. Johnson, 158 F.3d 806, 811 (5th Cir. 1998)).

In any event, while equitable tolling and statutory tolling are available in certain limited circumstances, the Court cannot consider a motion for extension or for tolling without a § 2255 motion before it. See United States v. Shipman, 61 Fed. Appx. 919, 2003 WL 1111561 (5th Cir. February 19, 2003) (unpublished) (affirming the district court's denial of a motion for extension of time to file a § 2255 motion filed without a motion on the merits, and agreeing with the reasoning of United States v. Leon, 203 F.3d 162 (2d Cir. 2000) that "a federal court lacks jurisdiction to consider the timeliness of a § 2255 petition until a petition is actually filed" because "[b]efore the petition itself is actually filed, 'there is no case or controversy to be heard, and any opinion we were to render on the timeliness issue would be merely advisory.'").

Accordingly, if Lopez wishes to file a § 2255 motion, he should do so as soon as possible. Once filed, the Court will then have the jurisdiction to determine whether his motion should be deemed timely filed. The Court reaches no conclusions herein as to whether Lopez would be entitled to any tolling as to any future motion. Instead, the Court will address the timeliness of any § 2255 motion filed by Lopez after it is filed. Until that time, the Court lacks jurisdiction to entertain a motion for extension. See Shipman, supra.

## **CONCLUSION**

For the foregoing reasons, Lopez's motion for extension (D.E. 530) is DENIED.

It is so ORDERED this 27th day of February, 2008.

_____
Janis Graham Jack
United States District Judge