**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| Plaintiff/Respondent, | § | |
| | § | |
| V. | § | CR. No. C-05-346 (2) |
| | § | C.A. No. C-08-90 |
| STEVE ALLEN LOPEZ, | § | |
| Defendant/Movant. | § | |

**ORDER DISMISSING WITHOUT PREJUDICE MOTION
TO VACATE, SET ASIDE OR CORRECT SENTENCE, AND
ORDER DIRECTING CLERK TO REINSTATE CRIMINAL
JUDGMENT TO ALLOW OUT-OF-TIME DIRECT APPEAL**

On February 25, 2008, the Clerk received from Defendant Steve Allen Lopez ("Lopez") a

letter motion seeking an extension of time to file a motion pursuant to 28 U.S.C. § 2255 (D.E. 530),[1]

which the Court denied by Order entered February 27, 2008.  (D.E. 531.)  On March 21, 2008, the

Clerk received Lopez's § 2255 motion, which is deemed filed as of March 18, 2008, the date he

signed it.[2]  After seeking and receiving an extension of time to respond, the government filed its

response on June 13, 2008.  (D.E. 546.)  Lopez has filed several documents in response to the

government's motion, which the Court has also reviewed and considered.  (D.E. 550, 551.)

---

[1]  Docket entry references are to the criminal case, C-05-cr-346.

[2]  Although the Clerk did not receive Lopez's motion until March 21, 2008, the motion was
executed on March 18, 2008, and presumably delivered to prison officials on the same date. (D.E. 533 at
at 13.)  It is thus deemed filed as of March 18, 2008.  Houston v. Lack, 487 U.S. 266, 276 (1988) (a
document is deemed filed by a *pro se* prisoner when it is delivered to prison authorities for mailing,
postage pre-paid).  See also United States v. Young, 966 F.2d 164, 165 (5th Cir. 1992) (providing benefit
of Houston v. Lack to *pro se* prisoner in § 2255 proceedings); Rule 3(d), RULES GOVERNING SECTION
2255 PROCEEDINGS FOR THE UNITED STATES DISTRICT COURTS (§ 2255 motion is deemed timely if
inmate deposits it in the institution's internal mailing system on or before the last day for filing).  The
envelope in which the motion arrived actually bears a postmark of March 17, 2008, a day before Lopez
says he signed it.  In any event, whether March 17, 2008 or March 18, 2008 is utilized as the filing date,
the motion is untimely unless Lopez is entitled to tolling.

For the reasons set forth herein, the Court concludes that Lopez's motion is not time-barred and that he is entitled to an out-of-time direct criminal appeal.

## I.  JURISDICTION

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 2255.

## II.  FACTS AND PROCEEDINGS

On September 28, 2005, Lopez was charged in a third superseding indictment along with fifteen co-defendants.  Lopez was named in Counts One through Nine. (D.E. 153.)  On October 27, 2005, Lopez pleaded guilty to Count One, pursuant to a written plea agreement that included a limited waiver of appeal rights as well as a waiver of rights under § 2255.  (D.E. 220, 226.)  Count One charged him with conspiracy to distribute more than 1,000 kilograms of marijuana.  Although he had perviously been represented by Alfred H. Montelongo, Loepz was represented at his rearraignment by Armando Cavada. (D.E. 223.)

At a call for sentencing on September 19, 2006, Lopez expressed dissatisfaction with his attorney Mr. Cavada, and he later moved to substitute attorney Joel Douglas Tinker, which was granted. (D.E. 481, 485.)  The Court sentenced Lopez on December 15, 2006 to 185 months in the custody of the Bureau of Prisons, to be followed by a five-year term of supervised release.  The court also imposed a $100 special assessment. (D.E. 501, 504.) Judgment was entered on December 22, 2006.  Lopez did not appeal.

The first post-conviction motion filed by Lopez was received on February 25, 2008.  (D.E. 530.)  In it, Lopez requested an extension of time to file a motion pursuant to 28 U.S.C. § 2255.  (Id.)  He claimed that he was housed in a special unit when the deadline for filing his motion expired, due to a riot at his place of incarceration, and that he was unable to access his legal

paperwork during that time.  The Court denied the motion for extension, noting that it could not

consider a motion for extension or for tolling without a § 2255 motion before it, because such an

opinion would be merely advisory.  (D.E. 531.)  It thus instructed Lopez to file any § 2255 motion

as soon as possible and stated that it would address the timeliness of any § 2255 motion filed by

Lopez after it was filed. (D.E. 531 at 2.)   That order was entered on February 27, 2008.  Lopez's

§ 2255 motion was received by the Clerk on March 21, 2008, and is deemed filed as of March 18,

2008.  See supra at note 2.

### III.  MOVANT'S ALLEGATIONS

In his brief § 2255 motion (D.E. 533), Lopez raises several claims.  One of his claims is that

his counsel, Douglas Tinker, failed to appeal.  He also claims that he was denied effective assistance

of counsel because his counsel failed to conduct a reasonable and adequate investigation and

because his counsel failed to advise him of any available defenses, thus rendering his plea

unknowing and involuntary.  (See generally D.E. 553.)

### IV.  DISCUSSION

#### A.      Statute of Limitations

A motion made under § 2255 is subject to a one-year statute of limitations, which, in most

cases, begins to run when the judgment becomes final.  28 U.S.C. § 2255.  The Fifth Circuit and the

Supreme Court have held that a judgment becomes final when the applicable period for seeking

review of a final conviction has expired.  Clay v. United States, 537 U.S. 522, 532 (2003); United

States v. Gamble, 208 F.3d 536, 536-37 (5th Cir. 2000) (*per curiam*).

As noted, judgment was entered against Lopez on December 22, 2006.  (D.E.  504.)  The

period for Lopez to file a notice of appeal from the judgment against him expired ten days later,

Fed. R. App. P. 4(b), excluding intermediate Saturdays, Sundays and legal holidays.  Fed. R. App. P. 26.  So calculated, ten days after December 22, 2006 was January 9, 2007.  In this case, Lopez did not appeal.  His conviction therefore became final when the time for filing an appeal expired, or on January 9, 2007.  Lopez's time period for filing a motion pursuant to 28 U.S.C. § 2255 expired a year after that date, or on January 9, 2008.  Lopez's motion is deemed filed as of March 18, 2008.  Thus, it was filed approximately two months beyond the deadline as calculated under § 2255(1), and is untimely.

In this case, however, the government urges that this Court deem Lopez's motion  timely.  Specifically, the United States notes that Lopez's motion was not filed within the one-year limitations period set forth in § 2255, but nonetheless concedes that Lopez's motion should be deemed timely because Lopez is entitled to equitable tolling.  (D.E. 546 at 9 ("the Government suggests that the Court should deem Lopez's 2255 motion timely, due to extraordinary circumstances, under 28 U.S.C. § 2255(2)"); id. at 7 ("The Court should regard Lopez's motion, under 28 U.S.C. § 2255 as timely . . . in order for him to pursue an out-of-time direct appeal ...").)

Based on the concession of the government, the Court concludes that Lopez's motion should be deemed timely filed.  Accordingly, the Court deems Lopez's motion timely filed under 28 U.S.C. and thus turns to the substance of his claims.

**B.      Ineffective Assistance of Counsel on Appeal**

"[W]hen counsel's constitutionally deficient performance deprives a defendant of an appeal that he otherwise would have taken, the defendant has made out a successful ineffective assistance of counsel claim entitling him to an appeal."  Roe v. Flores-Ortega, 528 U.S. 470, 484 (2000).  Moreover, a *pro se* movant need not state the grounds on which he would have appealed, had the

opportunity not been denied.  Rodriguez v. United States, 395 U.S. 327, 330 (1969).

In this case, the government agrees with Lopez that he is entitled to an out-of-time appeal.

Specifically, in its response, the government "suggests that counsel's performance was objectively

unreasonable, under the totality of the circumstances, and such performance deprived Lopez of the

right to appeal."  (D.E. 546 at 17; id. at 7 (stating that the Court should allow Lopez to pursue an

out-of-time direct appeal).)  In particular, the government points to the affidavit of Lopez's

sentencing counsel, Douglas Tinker, which indicates that Tinker has no recollection of discussing

with Lopez about the filing of an appeal or about his appellate rights.  Instead, Tinker relies on the

Court's admonishment.  No such admonishment took place, however, due to Lopez's waiver of

appellate rights.  Again, because of the government's concession, it appears that the parties are in

agreement that Lopez is entitled to relief on his ineffective assistance of counsel claim based on

counsel's failure to appeal.

The proper course of action to remedy the ineffective assistance of counsel is to dismiss

Lopez's § 2255 motion without prejudice and to reinstate the criminal judgment to trigger anew the

period for Lopez to file an appeal.  See United States v. West, 240 F.3d 456, 459-460 (5th Cir. 2001)

(holding that "when leave to file an out-of-time appeal is granted, the district court should *reinstate*

the criminal judgment to trigger the running of a new Rule 4(b) appeal period" and clarifying that

"part of the procedure for granting an out-of-time direct criminal appeal is dismissing the § 2255

motion without prejudice") (emphasis in original); see also United States v. Joubert, 273 F.3d 1099,

1099 (5th Cir. 2001) (unpublished) (vacating the district court's grant of § 2255 relief and

remanding with instructions for district court to dismiss the § 2255 motion without prejudice and

to re-enter its sentencing judgment so that the defendant could pursue an out-of-time appeal).

Following the foregoing authority Lopez's § 2255 motion is hereby DISMISSED WITHOUT PREJUDICE.  Additionally, the Clerk shall reinstate Lopez's criminal judgment (D.E. 504), so that he may proceed with an out-of-time appeal.  ***Lopez shall file his notice of appeal not later than ten days after the re-entry of his  criminal judgment.***  Rule 4(b), Fed. R. App. P.

As to the other grounds for relief raised in Lopez's motion, it is unnecessary for the Court to address them at this time.  Because Lopez is being permitted to file an out-of-time direct appeal, it will be unnecessary to address his remaining claims until after the resolution of his direct appeal. Welsh v. United States, 404 F.2d 333, 333 (5th Cir. 1968), abrogated on other grounds, United States v. Ortega, 859 F.2d 327, 334 (5th Cir. 1988) ("[a] motion to vacate sentence under 28 U.S.C. § 2255 will not be entertained during the pendency of a direct appeal, inasmuch as the disposition of the appeal may render the motion moot"); see also Jones v. United States, 453 F.2d 351, 352 (5th Cir. 1972) (where direct criminal appeal is pending, defendant is not entitled to consideration on the merits of his § 2255 motion).

Finally, Lopez is advised that he is entitled to an attorney to represent him on appeal.  If he cannot afford an attorney, one will be appointed for him.  In order to be entitled to appointed counsel, however, Lopez is required to file an affidavit of indigency.  The Clerk is directed to send him the proper forms for doing so with his copy of this Order.

## V.  CONCLUSION

For the above-stated reasons, Lopez's motion under 28 U.S.C. § 2255 (D.E. 533) is DISMISSED WITHOUT PREJUDICE.  Additionally, the Clerk is directed to reinstate Lopez's criminal judgment (D.E. 504), so that he may proceed with an out-of-time direct appeal. ***Lopez shall file his notice of appeal not later than ten days after the re-entry of his criminal judgment.***  As

noted above, Lopez is entitled to be represented by counsel in his appeal.  If Lopez wishes to have

counsel appointed to represent him on appeal, he should file a motion for appointment of counsel

on appeal and an affidavit showing his financial eligibility for counsel.  The Clerk is directed to send

the proper forms to Lopez with his copy of this Order.


It is so ORDERED this 30th day of September, 2008.


_____

Janis Graham Jack

United States District Judge